UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SARA MURRAY,<br><br>    Plaintiff,<br><br>v.<br><br>MARY MURGUIA, et al.,<br><br>    Defendants. | Case No. 25-cv-01364-KAW<br><br>**ORDER GRANTING IN FORMA PAUPERIS APPLICATION; REASSIGNING CASE TO A DISTRICT JUDGE; REPORT AND RECOMMENDATION TO DISMISS CASE AND DENY MOTION TO APPOINT COUNSEL AND MOTION FOR PRELIMINARY INJUNCTION**<br><br>Re: Dkt. Nos. 1, 2, 3, 9 |

On January 30, 2025, Plaintiff Sara Murray filed this civil action and application to proceed *in forma pauperis*. On March 6, 2025, Plaintiff filed a motion for a preliminary injunction. (Dkt. No. 9) Having considered the application, the Court GRANTS Plaintiff's application to proceed *in forma pauperis*. After reviewing the complaint pursuant to 28 U.S.C. § 1915, the Court REASSIGNS the case to a district judge and RECOMMENDS that the case be dismissed with prejudice and that Plaintiff's motion for appointment of counsel and motion for a preliminary injunction be denied as moot.[1]

**I.    LEGAL STANDARD**

The *in forma pauperis* statute provides that the Court shall dismiss the case if at any time the Court determines that the allegation of poverty is untrue, or that the action (1) is frivolous or malicious, (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

---

[1] On February 24, 2025, Plaintiff filed a declination. (Dkt. No. 7.)

1    A complaint is frivolous under Section 1915 where there is no subject matter jurisdiction.
2    *See Castillo v. Marshall*, 207 F.3d 15, 15 (9th Cir. 1997).  A complaint may also be dismissed for
3    failure to state a claim, because Section 1915(e)(2) parallels the language of Federal Rule of Civil
4    Procedure 12(b)(6). *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000). The complaint,
5    therefore, must allege facts that plausibly establish the defendant's liability. *See Bell Atl. Corp. v.
6    Twombly*, 550 U.S. 544, 555-57 (2007). When the complaint has been filed by a pro se plaintiff,
7    courts must "construe the pleadings liberally . . . to afford the petitioner the benefit of any doubt."
8    *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted). Upon dismissal, pro se
9    plaintiffs proceeding *in forma pauperis* must be given leave to "amend their complaint unless it is
10   absolutely clear that the deficiencies of the complaint could not be cured by amendment."
11   *Franklin v. Murphy*, 745 F.2d 1221, 1235 n.9 (9th Cir. 1984) (internal citations and quotation
12   marks omitted); *Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000).

## II.    DISCUSSION

The Court finds that Plaintiff has failed to state a claim.  Plaintiff brings claims under Title II of the Americans with Disabilities Act ("ADA") and § 504 of the Rehabilitation Act of 1973 against Defendants Chief Judge Mary Murguia and the United States Court of Appeals for the Ninth Circuit.  (Compl. at 2-3.[2])  Plaintiff states that she suffers from PTSD-related brain injuries and cognitive impairments that prevent her from representing herself in legal proceedings without significant medical harm.  (Compl. at 9.)  On October 15, 2024, Plaintiff submitted a judicial complaint to Defendants regarding a federal judge in the District of Western Washington.  (Compl. at 11.)  In that complaint, Plaintiff requested ADA accommodations in the form of appointment of counsel.  (Compl. at 11.)  In January 2025, however, Defendants failed to provide the requested ADA accommodations, thus depriving Plaintiff of her ability to fully participate in the judicial complaint process.  (Compl. at 12.)

Plaintiff's claims fail as a matter of law for several reasons.  First, Plaintiff's claims are

---

[2] The Court refers to the ECF header pagination.

2

barred by judicial immunity. The Supreme Court has long held that "judges of courts of superior or general jurisdiction are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction and are alleged to have been done maliciously or corruptly." *Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978) (internal quotation omitted). "[T]he scope of the judge's jurisdiction must be construed broadly when the issue is the immunity of the judge. A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction." *Id.* at 356-57 (internal quotation omitted). Here, Plaintiff is challenging the ruling of Chief Judge Murguia and the Ninth Circuit as a whole denying Plaintiff's motion for appointment of counsel. As this ruling was made in the course of their judicial actions, judicial immunity applies.

Second, neither Title II of the ADA nor § 504 of the Rehabilitation Act apply to the federal judiciary. *Cellular Phone Taskforce v. FCC*, 217 F.3d 72, 73 (2d Cir. 2000) ("Title II of the ADA is not applicable to the federal government."). Rather, Title II prohibits discrimination on the basis of a disability by a "public entity," which in turn is defined as "any State or local government," "any department, agency, special purpose district, or other instrumentality of a State or States or local government," and "the National Railroad Passenger Corporation, and any commuter authority." 42 U.S.C. § 12131(1). Section 504 of the Rehabilitation Act, in turn, does not apply to the judicial branch. Rather, it applies to any "program or activity receiving Federal financial assistance or under any program or activity conducted by any Executive agency or by the United States Postal Service." 29 U.S.C. § 794. Program or activity, in turn, is defined as the operations of a state or local government, college or university, local educational agency, or corporation or other private organization. *See Bush v. United States*, 627 Fed. Appx. 928, 930 (Fed. Cir. 2016) ("the Rehabilitation Act only pertains to programs of the executive, not judicial, branch"); *In re Chapman*, 777 F. Supp. 2d 196, 197-98 (D. Me. 2011) ("The Rehabilitation Act does not cover the judicial branch."); *Hollingsworth v. Duff*, 444 F. Supp. 2d 61, 64 (D.D.C. 2006)

1  ("the Rehabilitation Act does not cover judicial branch agencies.").

2  Finally, Plaintiff's complaint is effectively an appeal of the Ninth Circuit's decision to not
3  appoint counsel for Plaintiff. Thus, to grant Plaintiff the relief sought would require that a district
4  court overturn the decision of an appellate court. The Court knows of no authority that permits
5  such relief. Accordingly, the Court RECOMMENDS that the case be dismissed with prejudice
6  because Plaintiff cannot state a cognizable claim.

### III.  CONCLUSION

For the reasons set forth above, the Court REASSIGNS this action to a district judge with the recommendation that the action be DISMISSED with prejudice and that the motion to appoint counsel and the motion for a preliminary injunction be DENIED as moot. The Court GRANTS Plaintiff's request to proceed *in forma pauperis.*

Any party may file objections to this report and recommendation with the district judge within 14 days of being served with a copy. *See* 28 U.S.C. § 636(b)(l); Fed. R. Civ. P. 72(b); N.D. Civil L.R. 72-3. The parties are advised that failure to file objections within the specified time may waive the right to appeal the district court's order. *IBEW Local 595 Trust Funds v. ACS Controls Corp.*, No. C-10-5568, 2011 WL 1496056, at *3 (N.D. Cal. Apr. 20, 2011).

Plaintiff may wish to contact the Federal Pro Bono Project's Help Desk for assistance—a free service for pro se litigants—by calling (415) 782-8982 to make an appointment. While the Help Desk does not provide legal representation, a licensed attorney may assist Plaintiff in determining whether there are viable claims, and how to properly plead them.

Plaintiff may also wish to consult a manual the court has adopted to assist pro se litigants in presenting their case. This manual, and other free information for pro se litigants, is available online at: https://cand.uscourts.gov/pro-se-litigants/.

IT IS SO ORDERED.

Dated: March 11, 2025

KANDIS A. WESTMORE
United States Magistrate Judge